UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOE MALDONADO, JR.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 13-12857

LAWRENCE BUNTING and
MICHIGAN APPELLATE
ASSIGNED COUNSEL SYSTEM,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND SUMMARILY DISMISSING THE COMPLAINT**

Plaintiff Joe Maldonado, Jr., a state prisoner, submits *pro se* a complaint asserting claims mainly under 42 U.S.C. § 1983, and moves for an appointment of counsel. Defendants are Lawrence Bunting, an attorney, and the Michigan Appellate Assigned Counsel System (MAACS), a state administrative agency that monitors the performance of private attorneys appointed to represent indigent defendants on appeal. The complaint alleges that on September 28, 2011, Plaintiff pleaded guilty to assault with intent to murder and to a felony firearm offense. He was sentenced to eighteen-to-thirty years' imprisonment for the assault and to a consecutive term of two years for the felony firearm offense. Bunting was appointed to represent Plaintiff on appeal. Bunting apparently failed to file a timely appeal on Plaintiff's behalf. At Plaintiff's request, MAACS attempted to investigate the matter. Bunting initially failed to respond to MAACS's written inquiries. When MAACS informed Bunting that it was thinking of removing him from its roster of attorneys, Bunting voluntarily removed himself.

Plaintiff claims that Bunting violated MAACS's rules and regulations and that Bunting's inaction caused Plaintiff to forfeit his direct appeal. He seeks a declaratory judgment stating that Bunting's inaction constituted ineffective assistance of counsel, an injunction compelling Bunting to file certain motions that are needed to facilitate Plaintiff's appeal, and money damages for injuries sustained as a result of the lost appeal.

## I.  STANDARD

Plaintiff proceeds as an indigent prisoner.  When an indigent prisoner's "civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief."  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Only a complaint that states a plausible claim for relief will survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that,

when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Medical Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

## II.  DISCUSSION

Plaintiff's 42 U.S.C. § 1983 claim against Bunting is frivolous, because Bunting is not a state actor.  *See Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (concluding that a private attorney, even one appointed by the court, does not act under color of state law).  To the extent Plaintiff alleges that Bunting deprived him of effective assistance of counsel, Plaintiff's claim belongs in a federal habeas corpus petition, following exhaustion of state remedies.  *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & 499 n.14 (1973).  To the extent Plaintiff asserts a legal malpractice claim, he alleges a state-law claim over which a federal court has no independent jurisdiction.  *See White v. Robertson-Deming*, 9 F. App'x 418, 420 (6th Cir. 2001); *Bendzak v. North Royalton School Dist.*, 43 F. App'x 769 (6th Cir. 2002).  "Malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

MAACS must be dismissed because it is a state agency and, therefore, enjoys sovereign immunity.  *See Brown v. Michigan*, No. 08-10322, 2008 WL 920131, at *5 (E.D. Mich. Apr. 3, 2008) (adopting a report and recommendation holding that MAACS enjoys sovereign immunity).  Sovereign immunity bars an action against the State and its departments, whether the relief sought is injunctive, declaratory, or monetary. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

### III. CONCLUSION

IT IS ORDERED that the motion for an appointment of counsel (Dkt. # 3) is DENIED and that the action is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 17, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522